**Brendon G. NUNES, Plaintiff,**

v.

**BISHOP AVIATION INC. and Cecil Bishop, Defendants.**

No. 87–6060.

United States District Court,
W.D. Arkansas,
Hot Springs Division.

Aug. 12, 1988.

J.E. Sanders, Wooton, Glover, Sanders & Slagle, Hot Springs, Ark. and Robert A. Vanderhyde, Arlington, Va., for plaintiff.

Stephen D. Carver, Little Rock, Ark., for defendants.

ORDER

OREN HARRIS, Senior District Judge.

Plaintiff, Brendon G. Nunes, brought this action based upon allegations of design patent and trademark infringement relating to certain clocks and thermometer products manufactured to emulate aircraft instruments. This cause was tried to a jury commencing on March 27 and concluding on March 30, 1988, in Hot Springs. The jury returned a verdict in favor of plaintiff Nunes and against defendants Bishop Aviation Inc. and Cecil Bishop on claims of design patent infringement. Judgment was entered on April 7, 1988, in accordance with the special verdict of the jury.

Plaintiff has now filed a Motion For a Judgment Notwithstanding the Verdict on The Issue of Willful Infringement and A Request for Attorney Fees Under 35 U.S.C. § 285.[1] Defendants have filed a response in opposition to the motion.

---

1. Plaintiff's Request for Attorneys Fees Under 35 U.S.C. § 285 will be ruled upon by the Court in a separate order.

The Judgment entered by the Court on April 7, 1988 states as follows:

IT IS ORDERED AND ADJUDGED that in accordance with the special verdict of the jury submitted on Interrogatories, the issues are found as follows: as to the Counterclaim, in favor of the Counterdefendant, Brendon G. Nunes, and against the Counterplaintiffs, Bishop Aviation, Inc. and Cecil Bishop, and find that United States design patents 288,-412 and 293,422 are valid. A permanent injunction will be issued by separate order;

as to the Complaint, in favor of the Plaintiff, Brendon G. Nunes, and against the Defendants, Bishop Aviation, Inc. and Cecil Bishop, and find that plaintiff's exhibits 13 and 21 and defendants' exhibits 33, 38, 43 and 44 are an infringement of United States design patent 288,412 and fix Plaintiff's recovery as $5,600.00;

as to the Complaint, in favor of the Defendants, Bishop Aviation, Inc. and against the Plaintiff, Brendon G. Nunes, and find (1) that defendants' exhibit 39 is not an infringement of United States design patent 288,412; (2) that the defendants did not infringe on the plaintiff's word trademark "Trintec"; (3) that the plaintiff did not have trademark rights in the general configuration of his products; and (4) that the defendants' infringement was not wilfull (sic).

Plaintiff contends in the motion that the Court should grant judgment notwithstanding the verdict of the jury, pursuant to Rule 50, Fed. Rules of Civ.Pro., on the issue of willful infringement of plaintiff's altimeter clock design patent. As indicated by the Judgment cited above the jury made a finding, based upon the evidence and testimony presented, that defendants' infringement was not willful.

As "uncontradicted evidence" of defendants' willful infringement plaintiff asserts that (1) defendant was aware of plaintiff's altimeter clock prior to making his own and copied it; (2) defendant continued to make altimeter clocks even after this suit was filed; (3) defendant did not obtain an opinion from counsel before starting production

of altimeter clocks; and (4) defendant continued to produce altimeter clocks after the entry of a preliminary injunction. Further, plaintiff states that defendants failed to provide substantial evidence of non-willful infringement.

In response to the motion defendants assert the substantial burden placed upon plaintiff in establishing the propriety of a judgment notwithstanding the verdict. Defendants also respond to plaintiff's list of "uncontroverted evidence."

First, defendants state that Cecil Bishop knew of the existence of plaintiff's clock after seeing it in advertisements which provided no notice of patents or patents pending. Based upon this evidence the jury could have found that defendant acted without notice of plaintiff's patent claims prior to the filing of this action. Defendants further assert that they have been affiliated with the aviation industry for years and the design elements in plaintiff's clock are in the public domain and common to all products in the aviation industry.

Defendants also state that in a pre-trial hearing the Court enjoined defendants' production of two models allegedly infringing upon plaintiff's patents. Manufacture of different, non-enjoined models after entry of this injunction is not willful infringement. Neither of the enjoined models were manufactured by defendants after the entry of the Injunction Order.

Defendants offered evidence that altimeter clock backs were prior art and a part of the public domain before plaintiff's patents came into existence.

The Seventh Amendment to the United States Constitution preserves the right to trial by jury in suits at common law. "The Court, though it remains ultimately responsible for upholding the law applicable to the facts found, cannot substitute its view for that of the jury when to do so would be an effective denial of the right to trial by jury." *Connell v. Sears, Roebuck & Co.,* 722 F.2d 1542, 1546 (Fed.Cir.1983).

The standard the court must follow on a motion for judgment notwithstanding the verdict is more fully outlined in *Boeing*

*Company v. Shipman,* 411 F.2d 365 (5th Cir.1969) as follows:

> [T]he Court should consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. * * * [I]t is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses.

*Id.* at 374–375.

■ Using the above guidelines for a motion for judgment notwithstanding the verdict the Court must make a determination concerning the sufficiency of the jury's verdict on the issue of willfulness. A key factor in the issue of willful infringement is the "infringer's" notice of another person's patent rights. "Where ... a potential infringer has actual notice of another's patent rights, he has an affirmative duty to exercise due care to determine whether or not he is infringing." *Underwater Devices Inc. v. Morrison–Knudsen Co.,* 717 F.2d 1380 (Fed.Cir.1983).

■ Plaintiff has cited several cases on willful infringement and specific evidence which may be considered in making such a finding. Defendant contends that plaintiff's statements and conclusions are misinterpretations of the facts of the case and pertinent case law.

The Court has carefully reviewed the case law addressed by both parties and the facts developed by the record in this action. Upon such review the Court finds that there is an important fact which has not been established in this action which distinguishes it from all of the cases which plaintiff has cited in support of its request for a finding of willful infringement.

In *Underwater Devices Inc. v. Morrison–Knudsen Co.,* supra. it was undisputed that the defendant infringing party had actual notice of the plaintiff's patent rights in a method and apparatus for laying underwater pipes. Plaintiff notified defendant of its patent and offered to grant defendant a license to use the patent in an underwater sewer project on which defendant was bidding. Despite this knowledge the defendant constructed its own apparatus infringing upon plaintiff's patent.

A U.S. District Court in North Carolina made a finding of willful infringement in *Pacific Furniture Mfg. v. Preview Furniture Corp.,* 626 F.Supp. 667 (M.D.N.C. 1985) concerning infringement of chair design patents. Uncontradicted evidence which the court relied upon in reaching its decision included the following: (1) the president of the defendant company had direct physical access to plaintiff's chair prior to producing his own chair designs; (2) letters from plaintiff's attorneys to defendant regarding patent rights; and (3) defendant's own admission to copying of plaintiff's chair designs.

There is no uncontradicted evidence in this case of defendant Bishop's actual knowledge of plaintiff's patent or patents prior to his manufacture of the products in question. Plaintiff asserts that defendant copied its product directly. However, defendant testified at trial that he obtained the idea for the product from an advertisements which featured plaintiff's product but provided no notice of patents or patents pending.

Plaintiff further asserts that defendant continued to manufacture infringing products even after a preliminary injunction hearing in this matter. The record clearly reveals that the parties entered into a stipulation at the preliminary injunction hearing stating that only two different models of plaintiff's products were involved in the alleged infringing activity. The manufacture of these products by defendant was restrained by preliminary injunction order of the Court and was not violated by defendant.

A finding of willful infringement is a finding of fact and as such is clearly within the decisional domain of the jury. The jury, as the traditional finder of fact, has the function of weighing conflicting evidence and inferences. *Boeing Company v. Shipman,* 411 F.2d 365 (5th Cir.1969).

Viewing all evidence and reasonable inferences favorably to defendant, as the non-moving party in this action, the Court is of the opinion that the jury verdict is reasonably supported by the facts and evidence produced at trial. Therefore, the Court finds that plaintiff's Motion for Judgment Notwithstanding the Verdict is not well taken and should be denied.

IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED that plaintiff's Motion For a Judgment Notwithstanding the Verdict on the Issue of Willful Infringement should be and the same is hereby denied.