**Brendon G. NUNES**

v.

**BISHOP AVIATION, INC. and Cecil Bishop.**

No. 87–6060.

United States District Court, W.D. Arkansas, Hot Springs Division.

Aug. 29, 1988.

J.E. Sanders, Wooton, Glover, Sanders & Slagle, Hot Springs, Ark., and Robert A. Vanderhyde, Arlington, Va., for plaintiff.

Stephen D. Carver, Little Rock, Ark., for defendants.

## ORDER

OREN HARRIS, Senior District Judge.

Plaintiff, Brendon G. Nunes, brought this action based upon allegations of design patent and trademark infringement relating to certain clocks and thermometer prod-

ucts manufactured to emulate aircraft instruments. This cause was tried to a jury commencing on March 27 and concluding on March 30, 1988, in Hot Springs. The jury returned a verdict in favor of plaintiff Nunes and against defendants Bishop Aviation Inc. and Cecil Bishop on claims of design patent infringement. Judgment was entered on April 7, 1988, in accordance with the special verdict of the jury.

Plaintiff has now filed a Motion For a Judgment Notwithstanding the Verdict on The Issue of Willful Infringement and A Request for Attorney Fees Under 35 U.S.C. § 285.[1] Defendants have filed a response in opposition to the motion.

The Judgment entered by the Court on April 7, 1988 states as follows:

IT IS ORDERED AND ADJUDGED that in accordance with the special verdict of the jury submitted on Interrogatories, the issues are found as follows: as to the Counterclaim, in favor of the Counterdefendant, Brendon G. Nunes, and against the Counterplaintiffs, Bishop Aviation, Inc. and Cecil Bishop, and find that United States design patents 288,-412 and 293,422 are valid. A permanent injunction will be issued by separate order;

as to the Complaint, in favor of the Plaintiff, Brendon G. Nunes, and against the Defendants, Bishop Aviation, Inc. and Cecil Bishop, and find that plaintiff's exhibits 13 and 21 and defendants' exhibits 33, 38, 43 and 44 are an infringement of United States design patent 288,412 and fix Plaintiff's recovery as $5,600.00;

as to the Complaint, in favor of the Defendants, Bishop Aviation, Inc. and against the Plaintiff, Brendon G. Nunes, and find (1) that defendants' exhibit 39 is not an infringement of United States design patent 288,412; (2) that the defendants did not infringe on the plaintiff's word trademark "Trintec"; (3) that the plaintiff did not have trademark rights in the general configuration of his prod-

ucts; and (4) that the defendants' infringement was not wilfull (sic).

Plaintiff contends that this case should be considered "exceptional" and justify an award of attorney fees pursuant to 35 U.S. C. § 285. Plaintiff outlines alleged bad faith conduct by defendants during the litigation of this action which would warrant an award of attorney fees under § 285. 35 U.S.C. § 285 states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."

Specifically, plaintiff alleges that defendants raised frivolous, unfounded defenses and counterclaims in this action which were incapable of proof. In its Answer and Counterclaims to the Supplemental Complaint defendants raised several defenses and counterclaims against plaintiff including the following: (1) that plaintiff committed fraud on the patent office by failing to reveal prior art technology in regard to his products resulting in illegal and invalid patents; (2) plaintiff conducted an illegal campaign of threats and litigation against defendants to force them out of the competitive market, including false and misleading statements to defendants' potential customers; (3) plaintiff's patents are invalid as "obvious" under 35 U.S.C. § 103; and (4) plaintiff's conduct in obtaining and attempting to enforce its patents is in violation of the U.S. Sherman Anti–Trust Act, 15 U.S.C. §§ 1 and 2.

Plaintiff now asserts that defendants failed to present any evidence at trial to establish fraud on the Patent Office or any other conduct by plaintiff in prosecuting its application for patent or attempting to enforce patents which violated the Sherman Anti–Trust Act. Further, defendants did not present proof of false, misleading statements or misrepresentations by plaintiff to defendants' customers or any other conduct resulting in "unlawful restraint of trade."

Plaintiff lists one final reason justifying a finding of an "exceptional" case and

[1]. Plaintiff's Motion for a Judgment Notwithstanding the Verdict on The Issue of Willful Infringement was denied by the Court in a separate Order entered on August 12, 1988. 703

F.Supp. 774. Only the issue of attorney fees under 35 U.S.C. § 285 will be discussed in this Order of the Court.

award of attorney fees. Defendants began producing another altimeter clock after the preliminary injunction was entered by the Court which was allegedly a "colorable variation of the clocks enjoined." This product was found by the jury to be an infringement of altimeter clock patent no. 288,412.

In response to plaintiff's requests and assertions defendants state that exceptional cases include only those in which the unsuccessful litigant demonstrates maliciousness, bad faith, unfairness, fraud, or inequitable or unconscionable conduct or where a finding of willful infringement is made. Defendants assert that none of these circumstances exist in this action and that he pursued the defense of this case in good faith, including the counter-claims of anti-trust violation.

The defense of anti-trust violations raised by defendants in this action is a common claim in relation to patent infringement cases and although defendants were not successful with this defense an award of attorney fees is not automatically justified under 35 U.S.C. § 285. Defendants withdrew the anti-trust counterclaim at the conclusion of the testimony in the case. However, defendants state this action was not an indication that the claim was frivolous.

In the presentation of the case defendants assert that they addressed the issues involved in the anti-trust violations defense through the testimony of Mr. Bishop as well as Mr. Nunes and Mark Reichin. Defendants also refer to the decision of the jury in this matter. Although plaintiff was successful on some of his infringement claims defendants prevailed in their defense of infringement charges on other models and on the finding of non-willful infringement.

■ In order to make a determination that this case is or is not "exceptional" the Court must examine the conduct of the losing party during both the pretrial and trial stages of the patent lawsuit. Bad faith displayed by a party in pretrial and trial stages of a lawsuit may render a case exceptional under § 285. *Kloster Speed-steel AB v. Crucible Inc.*, 793 F.2d 1565 (Fed.Cir.1986). If the lawsuit is conducted fairly, honestly and in good faith the losing party should not have attorney fees imposed upon it for challenging the patent. *Id.* at 1581.

In *Lam Inc. v. Johns–Manville Corp.*, 668 F.2d 462 (10th Cir.1982) the appellate court affirmed the district court's award of attorney fees supported by a finding of willful infringement. The court further stated that a prevailing party may be awarded attorney fees pursuant to § 285 where "the losing party's misconduct was so unfair and reckless as to make it unconscionable for the prevailing party to sustain the expense of counsel." *Id.* at 476. Attorney fees may be awarded based upon "either willful infringement or the assertion of sham or frivolous defenses that increase significantly the patent holder's legal expenses through unduly protracted litigation." *Id.* at 476.

■ A careful review of the record in this action reveals that defendants offered evidence through testimony of several witnesses as to their anti-trust defenses and counterclaims. These allegations by defendants were not abandoned prior to trial, but only at the conclusion of the testimony at trial and receipt of all evidence.

Further, as the Judgment entered by the Court clearly states, the defendants prevailed on some of the infringement issues although they were not successful on others. In regard to those patents which the jury found to be infringed by defendants' models such infringements were found to be non-willful. Defendants strictly adhered to the Court's preliminary injunction order which enjoined the production of two of defendants' models which the parties stipulated were involved in the action.

Based upon a careful and considered review of these findings, the pertinent case-law and the record as a whole the Court finds that this case is not an "exceptional" case as established under 35 U.S.C. § 285. The record reveals no misconduct, bad faith or other unconscionable actions by defendants in conducting the defense of this law-

suit such as would render an award of attorney fees to plaintiff appropriate. Therefore, the Court is of the opinion that plaintiff's motion for attorney fees is not well taken and should be denied.

IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED that plaintiff's Request for Attorney Fees Under 35 U.S.C. § 285 should be and the same is hereby denied.

Dated this 29th day of August, 1988.