Erika OLUND, Plaintiff-Appellee,

v.

Russell L. SWARTHOUT, Defendant-Appellant.

No. 71–1716.

United States Court of Appeals, Sixth Circuit.

May 5, 1972.

S. Allen Early, Jr., Detroit, Mich., for defendant-appellant; William A. Bedrosian, Detroit, Mich., on brief.

George F. Fisk, Berkley, Mich., on brief, for plaintiff-appellee.

Before PHILLIPS, Chief Judge, McCREE, Circuit Judge, and ENGEL *, District Judge.

PHILLIPS, Chief Judge.

This is an appeal from a judgment for plaintiff in a diversity tort action. We affirm.

Only a brief statement of the procedural facts is required. Erika Olund filed this action against Russell Swarthout in December, 1964. Swarthout answered in May, 1965, denying the material allegations of the complaint. Some three years later, following the pretrial conference, Swarthout amended the answer to interpose the affirmative defense of release. One week later Olund filed a reply to the amended answer, asserting that the release was void and unenforceable by reason of procurement through fraud, duress, coercion, and undue influence.

In May, 1969, Olund filed an amended reply to the amended answer. Swarthout filed a demand for a trial by jury as a matter of right on all issues nine days thereafter. He further moved for

---

* Honorable Albert J. Engel, Judge, United States District Court for the Western District of Michigan, sitting by designation.

a jury trial on all issues as a matter of discretion. Following a hearing on the motion, Judge Thomas P. Thornton denied the motion and ordered the entire case tried without a jury.

Trial to the Court consumed five trial days; conflicting evidence was introduced as to all material issues. Judge Thornton found for plaintiff in the amount of $15,000 compensatory damages. Swarthout appeals, contending that he was deprived of his right to trial by jury and that the verdict was unsupported by the evidence and excessive.

Only the jury trial issue requires extended consideration. The Federal Rules of Civil Procedure provide:

*"Rule 38.*
*"Jury Trial of Right*
\* \* \*

*"(b) Demand.* Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party."

*"Rule 39.*
*"Trial by Jury or by the Court*
\* \* \*

*"(b) By the Court.* Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

■ Before this Court Swarthout contends that the filing of Olund's amended reply gave him ten days in which to demand a jury trial on the issues presented therein and that his demand was served within that ten day period. He further asserts that a jury

trial on all issues should have been ordered as a discretionary matter. We disagree with these contentions. The demand for trial by jury was first injected into the case some four and one-half years after the action was commenced, following pleading amendments, extensive discovery, and a pretrial conference. The amended reply introduced no new issues into the action. The issue of release was asserted and joined in July, 1968. Under these circumstances, the demand was untimely. *See* Western Geophysical Co. of America v. Bolt Assoc., Inc., 440 F.2d 765, 769 (2d Cir. 1971); Connecticut General Life Ins. Co. v. Breslin, 332 F.2d 928, 931 (5th Cir. 1964); 5 Moore, Federal Practice, ¶ 38.41 (2d ed.); 9 Wright & Miller, Federal Practice & Procedure, Civil § 2320. Further, we find no abuse of discretion under R. 39(b), Fed.R.Civ.P.

Swarthout's contentions that there is insufficient evidence to support the findings of liability, unenforceability of the release signed by Olund, and amount of damages are wholly without merit. We have given "due regard . . . to the opportunity of the trial court to judge the credibility of the witnesses" and are unable to say that his findings of fact are clearly erroneous. R. 52(a), Fed.R.Civ.P.

■ Swarthout also urges that the release could not be avoided by Olund without tender of the consideration given in exchange therefor, relying on the law of Florida, where the release was executed. We need not reach this issue. The judgment was offset by the consideration. This court "must disregard any error . . . which does not affect the substantial rights of the parties." R. 61, Fed.R.Civ.P.; *see* 28 U.S.C. § 2111. Further, the issue was not raised below and will not be considered on appeal. *See* Wiper v. Great Lakes Engineering Works, 340 F.2d 727, 731 (6th Cir.), cert. denied, 382 U.S. 812, 86 S.Ct. 28, 15 L.Ed.2d 60 (1965).

Affirmed.