BANK OF INDIA, Plaintiff,

v.

HANDLOOM HOUSE (INDIA) LTD.
and Raman Patel, Defendants.

No. 85 Civ. 3360 (RLC).

United States District Court,
S.D. New York.

Jan. 29, 1986.

O'Melveny & Myers, New York City, for plaintiff; Louis B. Kimmelman, Diane E. Lopez, of counsel.

Ide & Haigney, New York City, for defendant Patel; John E. Haigney, Anne H. Roome, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

■ Defendant filed his original answer to this complaint in July, 1985, and failed to make a demand for a jury trial within 10 days of the service of his original answer as required by Rule 38, F.R.Civ.P. Defendant concedes that he thereby effectively waived his right to a jury trial on the issues raised in his original answer. It is settled doctrine that this waiver embraces all matters contained in the answer, and the right to a jury trial of all matters contained in the original answer cannot be resurrected merely by amending the answer. *Hostrop v. Bd. of Junior College Dist. No. 515,* 523 F.2d 569, 581 (7th Cir.1975), *cert. denied,* 425 U.S. 963, 96 S.Ct. 1748, 48 L.Ed.2d 208 (1976); *Trixler Brokerage Co. v. Ralston Purina Co.,* 505 F.2d 1045, 1049 (9th Cir. 1974); *Lanza v. Drexel & Co.,* 479 F.2d 1277, 1310 (2d Cir.1973) (*en banc*); *Olund v. Swarthout,* 459 F.2d 999, 1000 (6th Cir.), *cert. denied,* 409 U.S. 1008, 93 S.Ct. 441, 34 L.Ed.2d 301 (1972); *Williams v. Farmers & Merchants Ins. Co.,* 457 F.2d 37, 38 (8th Cir.1972); *cf. American Fidelity & Casualty Co. v. All American Bus Lines, Inc.,* 190 F.2d 234, 237–38 (10th Cir.), *cert. denied,* 342 U.S. 851, 72 S.Ct. 79, 96 L.Ed. 642 (1951). However, a party may demand a jury trial as to any new issues raised in an amended pleading. *Rosen v. Dick,* 639 F.2d 82, 94 (2d Cir.1980); *First Wisconsin National Bank of Rice Lake v. Klapmeier,* 526 F.2d 77, 80 (8th Cir.1975); *Lanza v. Drexel & Co.,* 419 F.2d at 1310.

In his original pleading Patel filed a simple admitted or denied answer to the various numbered paragraphs of the complaint and, where pertinent, indicated that a speci-

fied claim was not relevant to him since it related solely to his codefendant. Patel has now filed an amended answer and contends that new matter has been introduced in this pleading that entitles him to a jury trial on those new issues.

The original answer designated six separate defenses which have been reduced in the amended answer to two affirmative defenses. There is no claim that labeling the defenses "affirmative" in lieu of "separate" is of any consequence.

In the original answer the first separate defense alleges lack of a legal basis for recovery against defendant. The second separate defense asserts that the guarantee filed as Exhibit D to the complaint was incomplete. The third separate defense alleges that "no guarantees were afforded on June 1, 1980"; the fourth separate defense alleges lack of consideration; the fifth asserts that no commitment was issued until June 22, 1981, and the sixth and final separate defense asserts lack of jurisdiction based on improper service. The second, third, fourth and fifth separate defenses challenge the bona fides of plaintiff's claim that an actionable guarantee exists. The claim of incompleteness indicates that other matters, representations and understandings relevant to plaintiff's claim exist that when disclosed will materially affect (presumably to defendant's benefit) plaintiff's claim. These defenses raise questions as to whether a guarantee was in fact signed and whether it is of any legal force and effect.

The first affirmative defense in the amended answer pleads, as did the first separate defense, lack of consideration. The second affirmative defense, therefore, is determinative on the question of whether the amended answer asserts new issues entitling defendants to a jury trial.

The second affirmative defense is set out in full:

Defendant Patel's execution of the Continuing Guaranty alleged in the plaintiff's fifth claim was induced by fraudulent representations of employees of the plaintiff. Such representations were made by the plaintiff's employees, Messrs. Avari and Gokhal, at a meeting at the offices of the plaintiff at 277 Park Avenue, New York, New York on or about July, 1984 when such employees falsely said that they were seriously considering recommending the granting of further loans to the defendant, Handloom, at the request of Handloom, but before doing so required the execution by the defendant, Patel, of the said Continuing Guaranty and that such Guaranty be backdated to June 1, 1980. In fact, the said employees had no such intention, but had already determined not to grant such application and made such representations solely for the purpose of obtaining the backdated Continuing Guaranty so that it would provide security for previous loans made by plaintiff to Handloom without defendant Patel's guaranty. Wherefore, defendant Patel requests that the court adjudicate that such Continuing Guaranty is void, that the complaint be dismissed and that the defendant be reimbursed for the costs of this action.

The second affirmative defense alleges fraud in the inducement and asserts the fraud alleged with particularity. This pleading is substantially the same as the original claim. The backdating allegation is another way of saying that no guarantees were made on June 1, 1980. The allegedly false representation that a further loan to Handloom was being considered had been raised, by inference, in the allegation that no consideration was provided for defendant's guarantee. The basic foundation for presentation of proof of the false representations, now specifically alleged, was thus present in the sparse allegations constituting the second, third, fourth and fifth separate defenses. While it is true that defendant did not state in the original answer that he was fraudulently induced to sign, he said that plaintiff's Exhibit D which purported to set forth the guarantee was not complete, that no guarantee was afforded on June 1, 1980, that there was no consideration, and that the

commitment was not issued until much later. Defendant has made explicit a fraud theory that was only implicit in the original answer; however, this theory was adumbrated in the original answer.

■ In *Rosen v. Dick, supra*, the Court of Appeals for the Second Circuit canvassed the case law on what constitutes "new issues" giving rise to entitlement as of right to a jury trial where a party has lost this right for failure to comply with Rule 38, F.R.Civ.P. We are advised that " 'issue' means something more than the evidence offered and the legal theories pursued, although these are pertinent factors." *Id.* at 94. "A legal theory incorporates issues of law which do not concern the jury, whereas only factual questions raise the possibility of a jury trial." *Id.* When a party fails to demand a jury trial, he waives that right relating to all issues in the general area of dispute. *Lanza v. Drexel*, 479 F.2d at 1310. The right to a jury trial is a fundamental right under our laws; therefore, every responsible presumption against waiver must be indulged. *Pradier v. Elespuru*, 641 F.2d 808, 811 (9th Cir.1981).

■ The amended answer, although differing from the earlier pleading in some respects, does not raise any new issues within the meaning of Rule 38, F.R.Civ.P. The amended answer concerns "the same general issues" as the prior pleadings. *Walton v. Eaton Corp.*, 563 F.2d 66, 72 (3rd Cir.1977).

In *Lanza v. Drexel & Co., supra*, the plaintiff commenced an action under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5 of the Securities and Exchange Commission, 17 C.F.R. § 240.10b–5. One of the officer defendants waived his right to a jury trial. Two years later plaintiffs amended the complaint by adding an allegation that the prospectus supplied to them was false on the date of issue. The officer then made a timely demand for a jury trial. Subsequently the complaint was again amended to allege that defendant had violated Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), that his conduct had been willful, and to request punitive damages. Again, a timely demand for a jury trial was made. The application was denied by the court and affirmed on appeal.

The Second Circuit stated that the case involved, and the original complaint raised, one basic issue: whether plaintiffs were fraudulently induced to exchange their Victor stock. Kircher's failure to demand a jury trial waived his right as to all issues relating to *this general area of dispute*. The Amendment added no new issues: The same conduct and the same allegedly false documents constituted the basis for any claim under Rule 10b–5, Section 17(a), or common law fraud. The willfulness and falsity alleged as of a particular date merely clarified "the same general issues" raised in the original complaint.

Applying those principles here, it is clear that defendant has raised no new issues within the meaning of Rule 38, F.R.Civ.P. The demand for jury trial is denied.

IT IS SO ORDERED.