In the Matter of Sidney GREENWALD
d/b/a Maple Leaf Nursing
Home, Debtor.

Jack FRIEDMAN, Plaintiff,

v.

LOCAL 144 NURSING HOME PENSION FUND, New York City Nursing Home–Local 144 Welfare Fund, Local 144 Health Facilities Training and Upgrading Fund, Peter Ottley, John Kelly, Austin Cedeno, Frank McKinney, Bartholomew J. Lawson, Fred Wilkens, William McCarthy and Marsha McLendon, as Trustees of the Local 144—Greater New York Nursing Home Pension Fund and the New York City Nursing Home—Local 144—Greater New York Welfare Fund, Peter Ottley, John Kelly, Bartholomew J. Lawson, as Trustees of Local 144—Greater New York Health Facilities Training and Upgrading Fund, Defendants.

Bankruptcy No. 81 B 20401.
Adv. No. 86 ADV. 6015.

United States Bankruptcy Court,
S.D. New York.

Nov. 6, 1989.

Speno, Goldman, Goldberg, Corcoran & Steingart, P.C., Mineola, N.Y., for plaintiff.

Karger & Tucker, New York City, for defendants.

DECISION ON MOTION FOR LEAVE
TO AMEND ANSWER

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

*Facts*

The defendants in this adversary proceeding have moved this court for an order, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and Rule 7015(a) of the Bankruptcy Rules, granting leave to amend their answer to add three additional affirmative defenses.

This adversary proceeding was commenced by the plaintiff in February, 1986. The plaintiff, Jack Friedman, alleges that he is entitled to subrogation as to the defendants' claims in this bankruptcy proceeding based on a payment, in the amount of $362,374.22, made to the defendants in June, 1984. Mr. Friedman made this payment in satisfaction of a confession of judgment entered against him in the New York State Supreme Court, Rockland County, on July 17, 1981 pursuant to an affidavit of judgment executed by him on December 5, 1978.

The confession of judgment arose out of obligations of a partnership between Mr. Friedman and Sidney Greenwald regarding the debtor, Maple Leaf Nursing Home. These obligations represent indebtedness due for the period of June 2, 1973 to October 31, 1978 for periodic payments of employee benefits due to the defendants on behalf of Maple Leaf's employees, pursuant to collective bargaining agreements between various nursing homes and Local 144, Hotel, Hospital, Nursing Home and Allied Health Services Union, SEIU, and AFL–CIO.

The defendants have filed proofs of claims aggregating approximately $551,-000.00 [1] and have asserted, pursuant to Bankruptcy Code § 507(a)(4), priority for unpaid contributions due from Maple Leaf to the defendants for services rendered within 180 days prior to the cessation of the debtor's business on May 1, 1981. In addition, there is a separate adversary proceeding currently pending in this court in connection with an escrow fund in the amount of $500,000.00 which was established by order of this court in May, 1982. This fund arises out of claims to a hardship award and an arbitration award made by the Honorable John A. Freerick (the "Freerick Award") and issued on April 4, 1981 by a Labor Cost Review Panel of the State of New York. The debtor, Maple Leaf, asserts a claim to certain monies in this fund as do the defendants, Greater New York Health Care Facilities Association, Inc. and the New York State Department of Taxation and Finance.

The plaintiff seeks subrogation to the claims filed by the defendants in the bankruptcy proceeding, including the Bankruptcy Code § 507(a)(4) priority claim and the Freerick Award claim.

In an answer filed in April, 1986, the defendants set forth five affirmative defenses. They are now seeking leave of this court to add three new affirmative defenses. The first affirmative defense the defendants seek to add is that of collateral estoppel and *res judicata* by virtue of a decision by United States District Judge Kenneth Conboy entered on January 11, 1989. Judge Conboy's decision involved the same parties as this adversary proceeding with the sole issue being "the proper interpretation of an Agreement signed by the parties on November 5, 1981" (Pg. 1 of Judge Conboy's decision). The plaintiff, Jack Friedman, alleged that the language of this agreement entitled him to set off against the $362,734.22 payment certain monies, approximating $91,723.29, paid by Maple Leaf to the defendants during the period December 5, 1978 to July 17, 1981. Judge Conboy determined that the payments in the amount of $91,723.29, represent payments properly applied to independent debts which Maple Leaf accrued during the aforesaid period and should not be set off against Mr. Friedman's payment. Mr. Friedman has not appealed Judge Conboy's decision and the time for an appeal has expired.

The second affirmative defense the defendants seek to assert by way of amendment to their answer is that before a right of subrogation can arise in favor of a party that pays a portion of an indebtedness on behalf of a primary debtor, the entire indebtedness to the creditor must be paid or discharged.

---

1. These proofs of claims were filed in 1981, prior to the plaintiff's payment of $362,374.22 in June, 1986. The defendants currently assert a claim of approximately $188,000.00 which represents the balance due after the plaintiff's payment (¶'s 3, 4 and 5 of Reply Affidavit of Arthur Karger dated October 23, 1989).

Finally, the defendant seeks to add the affirmative defense that pursuant to Bankruptcy Code § 509(c), the plaintiff's claim for subrogation must be subordinated to the defendants' claims in the bankruptcy proceeding until such time as the defendants' claims are paid in full.

### Discussion

Pursuant to Fed.R.Civ.P. 15(a) which is made applicable hereto by Bankruptcy Rule 7015(a), a party made amend its answer only "by leave of court or by written consent of the adverse party" if a responsive pleading has been filed or if no responsive pleading is permitted, 20 days after the original pleading is served. However, Fed.R.Civ.P. 15(a) provides that "leave shall be freely given when justice so requires." Furthermore,

[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should as the rules require, be "freely given."

*In re Cohen*, 98 B.R. 179, 181 (Bkrtcy.S.D. N.Y.1989) (quoting *Foman v. Davis*, 371 U.S. 178, 182–83, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (citation omitted).

The defendants are seeking to amend their answer after three years following the filing of their original answer in 1986. However, mere delay is an insufficient ground for denying a motion to amend. *Boyle v. Texasgulf Aviation, Inc.*, 696 F.Supp. 951, 956 (S.D.N.Y.1988), *aff'd*, 875 F.2d 307 (2d Cir.1989). Since filing the original pleadings, there has been no pretrial activity by either side. There has been no discovery sought or given and the trial date has been continually adjourned by stipulation of the parties. Moreover, the first proposed amended affirmative defenses, those of *res judicata* and collateral estoppel, arise out of the recent District Court decision by Judge Conboy. More importantly, the plaintiff has failed to demonstrate any prejudice which would inure to him by the proposed amendment or any bad faith on the part of the defendants in proposing the amendment.

■ Rather, the plaintiff has placed the chicken before the egg by arguing the underlying merits of the proposed amendments. It is well established that a court should not consider the substantive merits of a claim or defense unless the proposed amendment is clearly frivolous or legally insufficient on its face. *Lerman v. Chuckleberry Publ. Inc.*, 544 F.Supp. 966, 968 (1982); *Nyscoseal, Inc. v. Parke, Davis & Co.*, 28 F.R.D. 24, 25 (S.D.N.Y.1961) (emphasis added). Instead, allowing an amendment of the pleadings is favored in order to facilitate a proper decision on the merits. *Fustok v. Conticommodity Services, Inc.*, 103 F.R.D. 601 (D.C.N.Y.1984) (emphasis added).

The plaintiff asserts that the doctrine of *res judicata* does not apply because the issue of subrogation was not addressed by Judge Conboy in his January, 1989 decision.[2] Mr. Friedman next alleges that the second proposed amended affirmative defense is without merit based on a surety/co-debtor distinction and on a right to subrogation "guaranteed" him by Bankruptcy Code § 509. Interestingly, the plaintiff asserts that the doctrine of *res judicata* does apply to the third proposed affirmative defense by virtue of the fact that Judge Conboy's decision determined the $362,734.22 payment was payment in full of one single and separate claim.

An argument as to the merits of the proposed amended answers may be appropriate at the trial of the main adversary proceeding, but is inapplicable to the present motion. Instead, at this stage in the incubation process of the case, the proposed amendments must be clearly friv-

---

**2.** The plaintiff uses the term *res judicata* (Pg. 4, Plaintiff's Memorandum of Law in Opposition to the Defendant's Motion to Amend Pleadings dated October 10, 1989) yet, argues the doctrine of collateral estoppel in that he alleges the *issue* of subrogation was not presented to the United States District Court.

olous or legally insufficient on their face for the proposed amendments to be denied. The plaintiff has failed to demonstrate either of these two grounds for denial of an amendment. Instead, looking simply to the face of the proposed affirmative defenses, they appear to set forth logical and legally cognizable defenses. Accordingly, the defendant's motion will be granted in order to facilitate a proper decision on the merits of the case, without prejudice to any subsequent objections as to the merits.

### Conclusions of Law

1. This court has jurisdiction of the subject matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(I).

█ 2. The plaintiff has failed to demonstrate that the proposed amendment was filed in bad faith or that allowance of the amendment would result in prejudice to him. Further, the plaintiff has failed to prove that the proposed amended answers are either frivolous or legally insufficient on their face.

3. The defendants' motion to amend their answer is granted.

It is so ordered.