**In re SUBURBAN MOTOR FREIGHT, INC., Debtor.**

**Stephen K. YODER, Trustee, Plaintiff,**

**v.**

**T.E.L. LEASING, INC., et al., Defendants.**

Bankruptcy No. 2–87–00822.
Adv. No. 2–87–0276.

United States Bankruptcy Court,
S.D. Ohio, E.D.

April 25, 1990.

 

Stephen K. Yoder, Bricker & Eckler, Columbus, Ohio, Chapter 7 Trustee.

Quintin F. Lindsmith, Bricker & Eckler, Columbus, Ohio, for plaintiff.

Thomas C. Pavlik, William J. Novak, Sindell, Rubenstein, Einbund, Pavlik, Novak & Celebrezze, Cleveland, Ohio, for Shareholder defendants.

Edward F. Chuha, Kincaid, Palmer & Randall, Joseph A. Butauski, John C. Nemeth & Associates, Columbus, Ohio, co-counsel, for Samuel B. Randall.

Polly J. Harris, Columbus, Ohio, for Huntington Nat. Bank.

Jennifer T. Mills, Porter, Wright, Morris & Arthur, Columbus, Ohio, for Huntington Nat. Bank, Escrow Agent.

Michael J. Fusco, Fusco & Ison, Westerville, Ohio, for T.E.L. Leasing, Inc. and Transp. Equipment Services, Inc.

Reginald W. Jackson, Vorys, Sater, Seymour & Pease, Columbus, Ohio, for BancOhio Nat. Bank.

Robert J. Sidman, Vorys, Sater, Seymour & Pease, Columbus, Ohio, for Buckeye Nominee Co.

Charles M. Caldwell, Columbus, Ohio, Asst. U.S. Trustee.

## OPINION AND ORDER

R. GUY COLE, Jr., Bankruptcy Judge.

### I. *Preliminary Matters*

There are two contested motions before the Court for decision following an oral hearing. The first is the Motion for Leave to File Amended Answer to Third Amended Complaint ("Motion for Leave"), filed on March 1, 1990, by Defendants Helen M. Riley; BancOhio National Bank, Trustee of the Estate of Leo Kletzly; Marcelle S. Kletzly; Michael Kincaid; William C. Sexton; Joanne S. Bagby; BancOhio National Bank, Trustee of the Estate of Donald Dawson; Marjorie Losh; Susan L. Kollar; James C. Losh; Thomas A. Kuhn; Lawrence K. LeGrand; Patricia Ann Holland; Mary Sharon Logan; Thomas J. Holland; William M. Holland, III; and Thomas C. Losh (hereinafter collectively referred to as

the "Shareholder Defendants"). The Motion for Leave is opposed by the Plaintiff; Defendant Huntington National Bank, Escrow Agent ("Huntington"); and Defendant Samuel Randall. The Shareholder Defendants have filed a reply to Huntington's memorandum in opposition to the Motion for Leave.

The other motion before the Court is the Plaintiff's Motion to Strike Defendants' Jury Demand ("Motion to Strike"), filed on March 20, 1990. The Shareholder Defendants filed a response to the Motion to Strike on March 30, 1990. The Plaintiff filed a supplemental memorandum in support of his Motion to Strike on April 3, 1990.

The Court has jurisdiction over these motions pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this judicial district. These are core proceedings which the Court may hear and determine. 28 U.S.C. § 157(b)(2)(A), (H), and (O). This opinion constitutes the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

## II. *Findings of Fact*

As a preliminary matter, the Court has endeavored, through judicial notice of the court file, its own recollection of the parties' agreements and disagreements in prior status conferences, and the uncontested facts presented at the hearing, to make findings of fact, in the absence of testimonial evidence. The Court has also given due consideration to its own docket and delays which might be occasioned by the grant or denial of the motions at issue.

This adversary proceeding was initially commenced on September 28, 1987 by the filing of a Complaint by Suburban Motor Freight, Inc. ("SMF"), a debtor-in-possession in a then pending Chapter 11 proceeding in this Court. SMF's Chapter 11 case was converted to a case under Chapter 7, and Stephen K. Yoder was appointed trustee, on November 3, 1987. The Complaint sought, *inter alia,* the recovery of property of the bankruptcy estate, the set aside of preferential transfers and fraudulent conveyances of property, the recovery of damages for fraud and the unlawful distribution of certain corporate dividends.

Prior to the filing of any answers to the Complaint, Yoder, as trustee for the estate of SMF, filed the First Amended Complaint on January 21, 1988. By Yoder's own admission, the First Amended Complaint "significantly expanded" the allegations of the complaint. The Shareholder Defendants did not answer the First Amended Complaint due to stipulations entered into by and between the parties which extended the time in which the Shareholder Defendants could move or plead.

On March 22, 1988, Yoder (hereinafter referred to as "Plaintiff") filed his Second Amended Complaint with Demand for Declaratory Judgment and Demand for Permanent Injunction. The Second Amended Complaint added Continental Trucking Service, Inc. as a defendant, but made no substantive change in the claims against the Shareholder Defendants. No party opposed the filing of the Second Amended Complaint. The Shareholder Defendants answered the Second Amended Complaint on May 5, 1988, and asserted cross-claims against various defendants. No demand for a trial by jury was made by the Shareholder Defendants at this time or within ten days thereafter.

On May 25, 1989, Plaintiff filed his Motion for Leave to file Third Amended Complaint. That motion requested leave to amend the complaint for the following reasons:

Since the filing of the second amended complaint, Plaintiff has conducted further discovery, has reviewed voluminous documents from various sources, and has interviewed witnesses to events described in the second amended complaint. The Trustee has concluded that the complaint should be amended one final time to clarify the issues before the court, dismiss those actions which the Trustee does not believe would benefit the estate, and add parties who are necessary to this litigation.

Plaintiff's Motion for Leave to File Third Amended Complaint at 2. The Third

Amended Complaint was filed on July 26, 1989.

The Third Amended Complaint narrowed the scope of the Plaintiff's allegations by deleting certain claims and defendants. Various other defendants, including Continental Trucking Service, Inc., had been dismissed previously on Plaintiff's motions.[1] Although the action was "streamlined"—using Plaintiff's counsel's characterization—by the filing of the Third Amended Complaint, the core bankruptcy claims, namely those premised on §§ 544, 547, 548, were retained. The allegations asserted against the Shareholder Defendants were not greatly amended.[2]

On September 13, 1989, the Shareholder Defendants filed their Answer to Third Amended Complaint and Cross-claim ("Answer and Cross–Claim"). Again, no demand or request for a jury trial was made at this time by the Shareholder Defendants. A number of the other defendants have answered the Third Amended Complaint as well as the Shareholder Defendants' cross-claims. No other party has requested a trial by jury.

On February 20, 1990, the law firm of Baker & Hostetler, then counsel to the Shareholder Defendants, filed its Motion to Withdraw as Counsel. In its supporting memorandum, Baker & Hostetler represented that there were potential conflicts of interest between and among its clients, and that those potential conflicts could not be resolved adequately without the substitution of replacement counsel. On February 22, 1990, the Court entered its order permitting Baker & Hostetler to withdraw as counsel to the Shareholder Defendants.

On February 8, 1990, the law firm of Sindell, Rubenstein, Einbund, Pavlik, Novak & Celebrezze, through Messrs. Pavlik and Novak, filed a motion to appear *pro hac vice*. The motion represented that Messrs. Pavlik and Novak had been retained as replacement counsel for the Shareholder Defendants. Messrs. Pavlik and Novak also filed their notice of appearance pursuant to Bankruptcy Rule 9010(b) on February 8, 1990.

On March 1, 1990, the Shareholder Defendants filed the following papers: Motion for Leave; proposed Amended Answer to Third Amended Complaint and Cross-claim (hereinafter "Proposed Amended Answer and Cross–Claim"); Motion to Add Third-Party Defendant; Third–Party Complaint; and Jury Demand. This was the first time that the Shareholder Defendants requested a trial by jury. On March 1, 1990, the Court granted *ex parte* the Motion to Add Third–Party Defendant, thereby adding the law firm of Morgan, Lewis & Bockius as a defendant.

A. *Motion for Leave*

In their Motion for Leave, the Shareholder Defendants assert that the Third Amended Complaint "expanded the allegations in this lawsuit." Motion for Leave at 3. The Shareholder Defendants also claim as follows:

> Since the filing of the Third–Amended Answer, [sic] Defendants have appointed new counsel and learned of the existence of new evidence. Defendants have therefore concluded that their Answer should be amended again to add new cross-claims against parties in this litigation and bring in additional defendants.

*Id.* If the Motion for Leave is granted, the Shareholder Defendants will bring new cross-claims against two parties who already are defendants to the lawsuit. One defendant to the new cross-claims would be Samuel B. Randall, arising from legal advice he allegedly provided to the Shareholder Defendants with respect to a sale to Transportation Equipment Services, Inc. Another cross-claim would be asserted against Huntington in its capacity as escrow agent for the former shareholders of Suburban Distribution Systems, Inc. It is alleged that Huntington received a check in the amount of $2,500,000 at a "stock sale

---

**1.** Continental Trucking Service, Inc. was dismissed as a defendant to this litigation by order of the Court entered July 29, 1988.

**2.** The only significant change was a revision in the Third Amended Complaint which added a preference action against the Shareholder Defendants for the recovery of $250,000.

closing" and breached its fiduciary duty as escrow agent by failing to establish an escrow account for said sums. The Shareholder Defendants assert that these claims are necessary and proper, and will not prejudice any of the parties to this action.

Although the Motion for Leave cites the discovery of new evidence, the Shareholder Defendants conceded at the hearing that there was no basis for this claim. Instead, they now assert that a letter from Plaintiff's counsel to the Shareholder Defendants' previous counsel, dated December 20, 1989, serves as the primary basis for their request. The Shareholder Defendants contend that this letter, apparently constituting a communication with respect to a settlement offer (the Court has agreed to review only one paragraph of the letter) was the first clear and concise articulation of the Plaintiff's lawsuit. The Shareholder Defendants also maintain that the letter narrowed the issues in dispute. For these reasons, the Shareholder Defendants argue that they should now have an opportunity to amend their answer and assert new cross-claims.

### 1. Amendment of the Answer to Assert Affirmative Defenses

The Plaintiff opposes the Motion for Leave. The Plaintiff notes, in addition to asserting new cross-claims, the Proposed Amended Answer and Cross–Claim adds seven, new affirmative defenses. The Plaintiff claims that there has been an undue delay in the attempt to add these affirmative defenses. The addition of these new affirmative defenses, the Plaintiff argues, would unduly prejudice him in the prosecution of the case.

Noting that the Complaint was filed over two and one-half years ago, the Plaintiff contends that the request to add the aforementioned new defenses substantially expands the scope of the litigation, and would cause an unreasonable hardship on him and the estate in proceeding to trial. For example, allowance of the affirmative defens-es will require additional discovery with respect to parties who already have been subject to discovery, as well as of parties for whom no discovery was planned; further, the Plaintiff will have to take the deposition of each of the Shareholder Defendants concerning the new defenses. Moreover, to the extent the Motion for Leave seeks acceptance of the jury demand, Plaintiff also would need to take the depositions of the Shareholder Defendants to ascertain, among other things, the impact of their testimony on a jury.

The Plaintiff also claims that a number of the newly-asserted affirmative defenses are frivolous. The Plaintiff implies that these new defenses are futile and merely included for the purpose of delay. The Plaintiff emphasizes that these affirmative defenses could have been raised more than two and one-half years ago, and that their allowance at this juncture would significantly prejudice the Plaintiff in the prosecution of his case.[3]

The Plaintiff states that allowance of the affirmative defenses would necessitate the engagement of a second expert witness to testify regarding reasonable operating capital in the trucking industry, an issue which Plaintiff does not believe he needs to address with expert testimony in a bench trial. Retention of the current accounting expert took a considerable period of time due to the nature of the engagement; the Court would expect a similar difficulty in Plaintiff securing a second expert. Plaintiff asserts that the cost to the estate would be considerable.

In sum, the Plaintiff contends that allowance of the newly-asserted affirmative defenses will lead to a significant delay in the trial of this action as it will require a considerable adjustment in his preparation for and approach to the trial.

### 2. Addition of New Cross–Claims

Counsel for Randall also opposes the Motion for Leave to the extent that it seeks

---

**3.** It should be noted here that this is a complex case which has just recently been scheduled for trial in December 1990. The pre-trial scheduling ordered by the Court contains the custom-ary deadlines for discovery, dispositive motions, and the like, but would be difficult to maintain, the Court believes, if the Proposed Amended Answer and Cross–Claim were allowed.

allowance to assert new cross-claims. Randall notes that he became a party to this proceeding, for the first time, on July 26, 1989, by the filing of the Third Amended Complaint. The Third Amended Complaint alleged, *inter alia,* Randall's receipt of $38,312.50 in fees for legal services rendered to the Shareholder Defendants constituted a fraudulent conveyance pursuant to 11 U.S.C. § 548 of the Bankruptcy Code. The Shareholder Defendants' Answer and Cross–Claim, filed September 13, 1989, failed to assert a cross-claim against Randall. The Proposed Amended Answer and Cross–Claim seeks to add a legal malpractice cross-claim against Randall.

To date, Randall's limited involvement in this proceeding has been to defend solely against the Plaintiff's claim that receipt of the legal fees amounted to a fraudulent conveyance. Randall maintains he will be severely prejudiced if he is forced to defend, at this late date, a legal malpractice claim which previously had not been contemplated by the parties. Pointing to the Court-imposed deadlines for discovery and dispositive motions, Randall claims the Shareholder Defendants have unduly delayed in asserting the cross-claims and such delay will result in imposing a substantial burden upon the parties against whom the cross-claims are asserted.

Randall further argues that the Shareholder Defendants do not possess any new evidence which justifies their request for leave to add these new cross-claims. Randall had submitted to a Rule 2004 examination in the summer of 1987. Since this examination, no other discovery devices have been employed by the Shareholder Defendants to obtain information from Randall. Randall expressed grave doubts as to whether the Shareholder Defendants had discovered new evidence, or merely new legal strategies.

Finally, Randall claims that allowance of the cross-claim would be futile. Citing to decisional authority, Randall asserts the cross-claim would be barred by the one-year statute of limitations with respect to legal malpractice claims in Ohio. Randall implies that the assertion of the cross-claim is merely a dilatory tactic to further delay a trial on the merits.

Huntington, likewise, vehemently opposed the Shareholder Defendants' request for leave to assert additional cross-claims. Raising the same concerns enunciated by the Plaintiff and Randall, Huntington argued that the court system's policy of judicial economy would be substantially hindered by Shareholder Defendants' delay tactics. These cross-claims, Huntington argues, should have been asserted in previous pleadings; the Shareholder Defendants had knowledge of these facts, which they now claim as new evidence, since the inception of this adversary proceeding. Huntington emphasizes that the insertion of the cross-claims at this stage in the proceeding only serves to complicate the case and interject many issues that would otherwise not be heard by the Court.

The Court finds that there has been undue delay in the Shareholder Defendants' attempt to amend the September 13, 1989, answer, including the attempt to assert new affirmative defenses and add new cross-claims. The Court further finds that, in balancing the interests of the various parties, the prejudice to the Plaintiff, Randall and the Huntington greatly outweighs any benefit to the Shareholder Defendants if the Motion for Leave were to be granted.

### B. *Motion to Strike*

With respect to the Motion to Strike, the Court notes that the Shareholder Defendants' Jury Demand was not filed until March 1, 1990. That demand came nearly two years after the Shareholder Defendants filed their answer to the Second Amended Complaint and almost six months after they filed their Answer and Cross–Claim to the Third Amended Complaint.

The Shareholder Defendants assert that they have a right to a trial by jury. They claim that their right did not exist, or was not certain, until the issuance of *Granfinanciera, S.A. v. Nordberg,* — U.S. —, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). The Court takes judicial notice of the opinion's issuance on June 23, 1989, nearly two

months prior to the filing of the Shareholder Defendants' Answer and Cross–Claim.

The Plaintiff maintains that the jury demand was waived due to its tardy filing. The Plaintiff argues further that the Shareholder Defendants possessed the right to a trial by jury, if at all, from the inception of the lawsuit; *Granfinanciera* merely—and presumably—shed more light on that right. Finally, the Plaintiff asserts that the Shareholder Defendants had nearly two months after the issuance of *Granfinanciera* to make a demand for trial by jury, either before, at the time, or within ten days after, they filed their Answer and Cross–Claim on September 13, 1989.

### III. *Conclusions of Law*

#### A. *Motion for Leave*

The Shareholder Defendants have requested leave to amend their Answer and Cross–Claim. A motion for leave to amend a pleading necessarily requires consideration of Rule 15 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Bankruptcy Rule 7015. Rule 15(a) states in pertinent part as follows:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Rule 15 is premised on the theory "[t]hat pleadings are not an end in themselves, but are only a means to the proper presentation of a case; that at all times they are to assist, not deter, the disposition of litigation on the merits." *Bush v. Camp Hosiery (Matter of Metropolitan Co.)*, 85 B.R. 783 (Bankr.S.D.Ohio 1988) quoting Moore, Vestal, Kurland, 3 *Moore's Federal Practice and Procedure*, § 15.02[1], 15–11 (2d ed. 1989); *Matter of Schwartzman*, 63 B.R. 348, 352–56 (Bankr.S.D.Ohio 1986).

■ Rule 15(a) clearly provides that "leave shall be freely granted when justice so requires." Freedom to amend, however, is not without limit. *Continental Illinois Nat'l Bank and Trust Co. v. Tacoma Boatbuilding Co. (In re Tacoma Boatbuilding Co.)*, 81 B.R. 248, 260 (Bankr.S.D.N.Y. 1987). In *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the United States Supreme Court observed:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182, 83 S.Ct. at 230. The determination of whether a motion to amend is to be granted is left to the sound discretion of the trial court. *Foman*, 371 U.S. at 182, 83 S.Ct. at 230; *Zenith Radio Corp. v. Hazeltine*, 401 U.S. 321, 330, 91 S.Ct. 795, 803, 28 L.Ed.2d 77 (1971); *Estes v. Kentucky Utilities Co.*, 636 F.2d 1131, 1133 (6th Cir.1980); *Minor v. Northville Public Schools*, 605 F.Supp. 1185 (E.D. Mich.1985). Analysis of the *Foman* factors must be made in light of the Rule 1 directive stating that the Federal Rules of Civil Procedure "are to be construed to secure the just, speedy, and inexpensive determination of every action." Federal Rule of Civil Procedure 1; *Foman*, 371 U.S. at 182, 83 S.Ct. at 230.

■ In assessing the equities of a motion, this Court is compelled to balance several factors. At the outset, the Court notes that delay alone is insufficient grounds for denying a motion to amend. *Boyle v. Texasgulf Aviation, Inc.*, 696 F.Supp. 951, 956 (S.D.N.Y.1988), *aff'd*, 875 F.2d 307 (2d Cir.1989); *Friedman v. Local 144 Nursing Home Pension Fund (Matter of Greenwald)*, 107 B.R. 28, 30 (Bankr.S.

D.N.Y.1989); *Minor,* 605 F.Supp. at 1201. Crucial to the Court's inquiry, however, is whether substantial prejudice would result to the nonmoving party and whether the notice of the amended pleading would be insufficient. *Estes,* 636 F.2d at 1134; *Hageman v. Signal L.P. Gas,* 486 F.2d 479, 484 (6th Cir.1973); *Minor,* 605 F.Supp. at 1201. In measuring the prejudice to the adverse party, courts must weigh the party's reason for any delay in raising the issue proposed for amendment against the prejudice likely to be suffered by the other side. *Head v. Timken Roller Bearing Co.,* 486 F.2d 870, 874 (6th Cir.1973). A bankruptcy court must find some "significant showing of prejudice to the opponent" if the motion is to be denied. *Janikowski v. Bendix Corp.,* 823 F.2d 945 (6th Cir.1987) quoting *Moore v. City of Paducah,* 790 F.2d 557, 562 (6th Cir.1986). However, "the longer the period of unexplained delay the less will be required of the nonmoving party to show prejudice." *Minor,* 605 F.Supp. at 1201 quoting *Advocat v. Nexus Industries, Inc.,* 497 F.Supp. 328, 331 (D.C. Del.1980).

Plaintiff asserts that the Sixth Circuit Court of Appeals has established, along with a number of other courts, a four-part test for the examination of requests for leave to amend. *See Estes v. Kentucky Utilities Co.,* 636 F.2d 1131 (6th Cir.1980). These tests involve a determination of whether:

(1) there is an undue delay in seeking an amendment;

(2) there is evidence of bad faith or dilatory tactics in requesting an amendment;

(3) there is, or will be, undue prejudice to the nonmoving parties; and

(4) the amendment is futile.

1. *Amendment of the Answer to Assert Affirmative Defenses*

■ In the case *sub judice,* allowance of the Proposed Amended Answer and Cross-Claim would delay trial of this matter. It would, for example, wreak havoc on the discovery process. Many depositions would have to be re-taken, and others, not presently planned, would have to be scheduled. It therefore would be difficult, if not impossible, to hold firm to the December 1990 trial date. While the Court cannot state with any precision when the case realistically would be in a posture to be tried if the Motion for Leave were granted, the Court believes that delays attributable to discovery alone would approximate six months at a minimum.

The Court's position is fortified by the Shareholder Defendants' failure to present any evidence or argument in support of their request to add seven, new affirmative defenses. In fact, the court record is devoid of any basis for the Shareholder Defendants' request to add affirmative defenses, especially at this late date. If allowed, these defenses will necessitate a massive re-working of Plaintiff's trial preparation and strategy.

Allowance of these new defenses likewise would result in a financial burden to the estate in a case which already has consumed considerable estate resources. Additional discovery and retention of a second expert witness by Plaintiff will further deplete the limited funds available to the estate. The Court is unwilling to allow the continued depletion of these precious resources on the grounds stated.

The Plaintiff also implies that the Motion for Leave was filed in bad faith or with a dilatory motive. One of the reasons, the Plaintiff argues, the Shareholder Defendants seek leave to amend their Answer and Cross–Claim is to enable them to make a timely demand for a jury trial upon the submission of their Proposed Answer and Cross–Claim. The Court agrees acceptance of the jury demand likely would delay the trial. Viewing the totality of the circumstances, it certainly is not inconceivable that the Shareholder Defendants are trying to buy more time. Examined in a more charitable light, the request to amend their answer, add cross-claims, and request a jury trial, reflects the new legal theories and strategies of replacement counsel. However, new legal theories and strategies are impermissible grounds for seeking

leave to amend and are but a few of the bases for denying the Motion for Leave.

The Court cannot accept the Shareholder Defendants' assertion regarding the December 20, 1989, letter. If the Shareholder Defendants did not understand the allegations of the complaint as it proceeded through its various stages of amendment, a number of avenues of redress were available to them. For example, they could have filed motions to dismiss, for a more definite pleading, or to strike certain claims. The Court finds it difficult to believe that these Shareholder Defendants truly did not understand the allegations set forth in the complaints, when a plain reading of the complaints makes those allegations quite clear. It is possible, however, that the letter in question focused the Shareholder Defendants' attention on the seriousness of the allegations contained in the Third Amended Complaint and the fact that the case was proceeding in the direction of an actual trial date.[4]

The Court further observes that, at a minimum, the Motion for Leave is unreasonably late. The claim by Messrs. Pavlik and Novak that their office, whose practice in the bankruptcy area is substantial, did not become aware of *Granfinanciera* until the late fall of 1989 has a hollow ring. *Granfinanciera* was issued by the Supreme Court on June 23, 1989, and was widely-discussed amongst the bankruptcy bar from the moment it was announced. It is inconceivable that the Shareholder Defendants' counsel were unaware of its existence and holding within days of its issuance.[5] The Answer and Cross-Claim was filed nearly two months after the *Granfinanciera* opinion was issued, more than enough time to decide whether that case had any impact or bearing on a decision to demand a trial by jury.

Additionally, Messrs. Pavlik and Novak did not become counsel of record until February 8, 1990, long after the Answer and Cross-Claim to the Third Amended Complaint was filed. The fact that they learned about *Granfinanciera* in November or December, 1989, would therefore be immaterial.

While the Court appreciates the liberality associated with the amendment of pleadings, there is a limit. Because the Court also finds that the proposed amendment is not made in good faith, would work a substantial prejudice to Plaintiff and the estate in prosecuting the action, and would be futile as to the affirmative defenses, the Motion for Leave is denied.

### 2. *Addition of New Cross-Claims*

■ At the outset, the Court notes that the Shareholder Defendants actually must clear two hurdles in order to assert their proposed cross-claims against Randall and the Huntington. The first obstacle requires the Shareholder Defendants to satisfy the four-part test for leave to amend enunciated in *Estes.* Next, the Shareholder Defendants must show compliance with Rule 13(g) of Rules of Civil Procedure. Rule 13(g), which speaks to cross-claims against a co-party, is made applicable to this adversary proceeding by Rule 7013.

■ With respect to both cross-claims, the record made at the hearing contains ample illustrations of the prejudice that would result if leave to amend were granted. Counsel for Randall and the Huntington echoed those concerns expressed by the Plaintiff with respect to his opposition to assert additional affirmative defenses. Both Randall and the Huntington have completed extensive discovery based upon the numerous defenses and cross-claims previously asserted by the Shareholder Defendants in the Answer and Cross-Claim to

---

**4.** The Court has conducted a number of status conferences in this case over the past two and one-half years. Because the action is complex, has multiple parties, and involved significant and ongoing settlement discussions, the Court has allowed the parties the time requested for these pre-trial matters without insisting upon a more firm trial date. At the most recent status conference, the Court expressed its concern re-

garding the delays in getting this matter to trial and, with the consent of all parties, established a firm pre-trial and trial schedule.

**5.** A Supreme Court opinion is available on legal computers within twenty-four hours of its issuance.

the Third Amended Complaint. New cross-claims, advanced at this late date, would necessarily re-open much of the discovery. *See generally Mercantile Trust Co. Nat'l Assoc. v. Inland Marine Products Corp. v. Gulf Tex Brokerage, Inc.,* 542 F.2d 1010, 1013 (8th Cir.1976).

The Shareholder Defendants had sufficient opportunity and time in which to assert their cross-claims. The setting of discovery deadlines is to be taken seriously. Discovery must be conducted so as to prepare the parties for trial, not merely to develop new theories and claims which in turn further delay the trial. *Id.* The Court finds that the Shareholder Defendants' attempt to include new cross-claims in this matter represents counsel's new theories and strategies, and will only serve to complicate unnecessarily this adversary proceeding.

The Shareholder Defendants' request to amend their answer to add new cross-claims against existing defendants is governed by Fed.R.Civ.P. 13(g). That rule provides as follows:

> **(g) Cross–Claim Against Co–Party.** A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

However, because the Court finds the Motion for Leave should not be granted pursuant to Fed.R.Civ.P. 15(a), it is unnecessary to consider the merits of the Shareholder Defendants' cross-claims under Rule 13(g).[6]

In short, the Court denies the Shareholder Defendants' Motion For Leave to assert cross-claims based upon the grounds set forth in *Estes. See generally Weiboldt v. Schottenstein,* No. 87–C–8111 (N.D.Ill. March 16, 1990) (LEXIS Bankr. library, Cases file).

**B.** *Motion to Strike*

Prior to August 1, 1987, Bankruptcy Rule 9015 mirrored the language of Rule 38 of the Federal Rules of Civil Procedure. Rule 38 provides, in relevant part, as follows:

> *Rule 38. Jury Trial of Right.*
>
> (a) *Right preserved.* The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.
>
> (b) *Demand.* Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefore in writing at any time after the commencement of the action an not later than ten days after service of the last pleading directed to such issue. Such demand may be endorsed upon a pleading of the party.
>
> . . . .
>
> (d) *Waiver.* The failure of a party to serve a demand as required by this Rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

The 1987 Advisory Committee Notes to the national bankruptcy rules, adopted August 1, 1987, stated that Rule 9015 was abrogated because it "had been cited as conferring a right to jury trial in other matters [other than personal injury or wrongful death actions, addressed in 28

---

6. Given the policy encouraging the disposal of an entire subject matter arising from the same set of facts within an action, the Court notes that absent the tardiness in asserting the cross-claims, the issues presented by the cross-claims probably should have been adjudicated in this adversary proceeding. *See Weiboldt Stores v. Schottenstein,* No. 87–C–8111, 1990 WL 36797 (N.D.Ill. March 16, 1990) (LEXIS Bankr. file,

Cases library); *Sicilia v. Sanders (In re SPI Communications & Marketing, Inc.),* 112 B.R. 507 (Bankr.N.D.N.Y.1990). *See also McLaughlin v. Weiser,* No. 86–C–2129, 1988 WL 102129 (N.D. Ill. September 28, 1988) (LEXIS Genfed library, Courts file); *Aul v. Cali,* No. 84–C–7884, 1986 WL 11015 (N.D.Ill. September 23, 1986) (LEXIS Genfed library, Courts file).

**954**

U.S.C. § 1411, trial of which is specifically confined to the district court pursuant to 28 U.S.C. § 157(b)(5) ] before bankruptcy judges." Since a procedural rule may not enlarge any substantive rights, the rule was abrogated unless and until "the courts of appeals or the Supreme Court define a right to jury trial in any bankruptcy matter, ..." *See Leonard v. Wessel (In re Jackson),* 90 B.R. 126, 132 (Bankr.E.D.Pa. 1988).

■ As a result of the abrogation of Rule 9015, all procedural rules relating to demands for jury trials in bankruptcy cases were eliminated. However, since 1987 bankruptcy courts have applied Rule 38 in its absence. *See Ben Cooper, Inc. v. The Insurance Co. of the State of Pennsylvania (In re Ben Cooper, Inc.),* 896 F.2d 1394 (2d Cir.1990); *Kroh Bros. Dev. Co. v. United Missouri Bank of Kansas City, N.A.,* 108 B.R. 710, 711 (Bankr.W.D.Mo.1989); *In re 222 Liberty Assoc.,* 99 B.R. 639, 634 (Bankr.E.D.Pa.1989); *In re W.G.M.C., Inc.,* 96 B.R. 5, 6 (Bankr.D.Me.1989); *In re Direct Satellite Communications, Inc.,* 91 B.R. 7, 9 (Bankr.E.D.Pa.1988); *In re Jackson,* 90 B.R. at 133. *But see In re Silver Mill Frozen Foods, Inc.,* 80 B.R. 848, 854 n. 13 (Bankr.W.D.Mich.1987) (abrogation of Bankruptcy Rule 9015 eliminates any governing procedural rule). As the decisional authority lacks any expressed concern regarding the application of Rule 38 to a bankruptcy proceeding, the Court finds the time strictures set forth in Rule 38 to be persuasive. As such, the time frames noted therein shall be embraced and adopted by this Court. Accordingly, under Rule 38, the demand for a jury trial was due within ten days after the defendants' Answer and Cross–Claim, filed on September 13, 1989.

It must be noted, however, that Federal Rule of Civil Procedure 39(b) allows a party who fails to comply with the Rule 38 deadline to request a jury trial by motion. Rule 39(b) provides in relevant part that: "[n]ot withstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

*See generally Merritt v. Faulkner,* 697 F.2d 761 (7th Cir.1983), *cert. denied* 464 U.S. 986, 104 S.Ct. 434, 78 L.Ed.2d 366 (1983). Rule 39(b) motions should be liberally granted when no prejudice results. *In re Kroh Bros. Dev. Co.,* 108 B.R. at 711; *Littlefield v. Fort Dodge Messenger,* 614 F.2d 581, 585 (8th Cir.1980). No such motion has been made. The Shareholder Defendants merely submitted a document captioned "Jury Demand".

■ Here, the uncontested facts clearly demonstrate that the Shareholder Defendants waited nearly six months after their most recent answer, the Answer and Cross–Claim to the Third Amended Complaint, to file their jury demand. Under Rule 38(b), this demand was not made timely. Accordingly, the Shareholder Defendants are entitled to a jury trial only if they meet the five-factor balancing test outlined in *Parrott v. Wilson,* 707 F.2d 1262, 1267 (11th Cir.1983), *cert. denied* 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983). The *Parrott* test involves a balancing of: (1) whether the case involves issues best tried to a jury; (2) whether granting the motion for jury trial would disrupt the court's or adverse parties' schedules; (3) how greatly adverse parties will be prejudiced; (4) how long the movant had delayed in requesting the jury trial; and (5) why the movant had not made a timely request for a jury trial.

In assessing the *Parrott* factors, courts are encouraged to weigh carefully each enumerated factor in making its determination. *Id.* While this case involves issues which, arguably, may be tried to a jury, the Court believes, given the complex nature of the issues, the untimeliness of the demand and the quickly-approaching trial date, these issues would *best* be resolved by a bench trial. At this point, "to switch gears" in the proceeding would result in a significant delay in adjudication of the matter. This case is already two and one-half years old; any further delays will only increase the chances of lapses and inaccuracies in the memories of the witnesses, many of whom have been described as elderly.

Further, as mentioned previously, the granting of the demand for a jury trial would cause substantial prejudice to the Plaintiff in terms of time and expense to the estate. The Shareholder Defendants have had sufficient opportunities to request a jury trial. Such a demand, at this late date, would not be within the spirit and intent of Rules 38 and 39. The explanations offered—change of counsel, the rendering of the *Granfinanciera* opinion, and the December 20, 1989 letter—are so implausible and generalized as to be wanting in candor. In view of the lateness of the demand and the fact that the trial is merely eight months away, the Court finds that the Plaintiff was not provided with adequate notice of the jury trial in order to prepare accordingly.

As an aside, the Court notes that even if it had granted the Motion for Leave, possible entitlement to a jury trial would have been restricted to the new issues raised in the Proposed Amended Answer and Cross–Claim. The failure of the Shareholder Defendants initially to demand a jury trial, within ten days after filing their Answer to the Third Amended Complaint, constituted a waiver of a trial by jury as to those issues. The Court observes that this result is not changed by either the Plaintiff amending the complaint or the Shareholder Defendants amending their answer. *See Olund v. Swarthout,* 459 F.2d 999, 1000 (6th Cir.1972), *cert. denied* 409 U.S. 1008, 93 S.Ct. 441, 34 L.Ed.2d 301 (1972); *Rupe v. Fourman,* 532 F.Supp. 344 (S.D. Ohio 1981); 5 *Moore's Federal Practice* Para. 38.39[2] at 38–353 (2d ed. 1981). The fact that an amended answer was later filed is of no consequence when no new issues or facts are introduced. *Irvin v. Airco Carbide,* 837 F.2d 724 (6th Cir.1987); *Las Vegas Sun, Inc. v. Summa Corp.,* 610 F.2d 614 (9th Cir.), *cert. denied* 447 U.S. 906, 100 S.Ct. 2988, 64 L.Ed.2d 855 (1980); *Guajardo v. Estelle,* 580 F.2d 748 (5th Cir.1978); *Olund v. Swarthout,* 459 F.2d 999 (6th Cir.1972), *cert. denied* 409 U.S. 1008, 93 S.Ct. 441, 34 L.Ed.2d 301 (1972).

It is settled doctrine that the waiver embraces all matters contained in the answer, and the right to a jury trial of all matters contained in the original answer cannot be resurrected merely by amending the answer. *Bank of India v. Handloom House (India) Ltd.,* 629 F.Supp. 281 (S.D. N.Y.1986); *Hostrop v. Board of Junior College Dist. No. 515,* 523 F.2d 569, 581 (7th Cir.1975), *cert. denied* 425 U.S. 963, 96 S.Ct. 1748, 48 L.Ed.2d 208 (1976); *Trixler Brokerage Co. v. Ralston Purina Co.,* 505 F.2d 1045, 1049 (9th Cir.1974); *Lanza v. Drexel & Co.,* 479 F.2d 1277, 1310 (2d Cir. 1973) *(en banc); Olund,* 459 F.2d at 1000; *Williams v. Farmers and Merchants Ins. Co.,* 457 F.2d 37, 38 (8th Cir.1972); *cf. American Fidelity and Casualty Co. v. All–American Bus Lines, Inc.,* 190 F.2d 234, 237–38 (10th Cir.1951), *cert. denied* 342 U.S. 851, 72 S.Ct. 79, 96 L.Ed. 642 (1951). However, a party may demand a jury trial as to any new issues raised in the amended pleadings. *Rosen v. Dick,* 639 F.2d 82, 94 (2d Cir.1980); *First Wisconsin Nat'l Bank of Rice Lake v. Klapmeier,* 526 F.2d 77, 80 (8th Cir.1975); *Lanza v. Drexel & Co.,* 479 F.2d at 1310. Therefore, after the time for requesting a jury trial has run, amendments to pleadings which do not introduce new issues, do not revive the right to demand a jury. Accordingly, only the seven affirmative defenses and the two cross-claims, if allowed, would have been eligible for a jury trial.

In conclusion, the Motion to Strike has been well-supported by decisional authority and through argument. Opposition to that motion has been insubstantial in weight. Accordingly, the motion is GRANTED and the jury demand is hereby STRICKEN.

IT IS SO ORDERED.

### JUDGMENT ENTRY

Judgment in the above-captioned adversary proceeding is hereby entered in favor of the Plaintiff against the Shareholder Defendants with respect to the Motion to Strike Defendants' Jury Demand. Further, the Court enters judgment in favor of the Plaintiff, Defendant Huntington National Bank, Escrow Agent, and Defendant

Samuel Randall against the Shareholder Defendants with regard to the Motion for Leave to File Amended Answer to Third Amended Complaint. Judgment shall be entered pursuant to an Opinion and Order dated April 25, 1990.

IT IS SO ORDERED.