**In the Matter of the Tax Indebtedness of U.S. INDUSTRIAL FABRICATORS INCORPORATED.**

**Misc. No. 16979.**

United States District Court,
W.D. Pennsylvania.

Jan. 3, 1991.

Mary Beth Buchanan, Asst. U.S. Atty., Pittsburgh, Pa., for plaintiff.

Neil Price, Johnstown, Pa., for defendant.

## MEMORANDUM OPINION

LEE, District Judge.

This action comes before the Court on Petition to Lift Levy filed on the 27th day of November, 1990, by Julius Jones, Stepvan Service Company, David Linkenheimer, John Gagliardi, and, was joined by Irwin Schiff at Oral Argument on the 7th day of December, 1990.

On or about November 8, 1990, the United States of America filed an Application of Revenue Officer to Enter Premises to Effect Levy (Application). Such Application was filed in order to collect unpaid employment taxes owed by U.S. Industrial Fabricators, Inc. (Industrial Fabricators). This Court, by its Order dated November 9, 1990, granted the Application of the United States and authorized Revenue Officer Albert Balas and/or other designated revenue officers to enter the premises located at 191 Wall Road, Clairton, PA 15025, "and

to enter any cash register, safe, vault or other locked safekeeping device located on or within said premises ..." Subsequent to the entry of the Court's Order, the Internal Revenue Service entered the premises and seized property.

The petitioners, claiming their property had been wrongfully seized or made inaccessible because of the seizure of certain buildings, filed this petition in effort to lift the levy.

In 1966, Congress amended the Internal Revenue Code to include a procedure for those third parties whose interest in property was harmed by a wrongful government levy. See 26 U.S.C. § 7426(a)(1).[1] The legislative history of § 7426 indicates Congress' intent that § 7426, rather than an expansively interpreted 28 U.S.C. § 1346(a)(1),[2] serve as the remedy for third parties harmed by wrongful tax levies.

Since the enactment of § 7426, most courts have construed § 1346(a)(1) narrowly to limit its application to individuals who have actually overpaid taxes assessed against them. See e.g., *Busse v. United States*, 542 F.2d 421 (7th Cir.1976); *Bader v. United States*, 10 Cl.Ct. 78, 79 (1986).

In *Snodgrass v. United States*, 834 F.2d 537, (5th Cir.1987), the plaintiff sought a refund of federal taxes paid by her husband with funds that belonged to her or, at a minimum, to the community of property existing between them. In her Complaint, the plaintiff alleged subject matter jurisdiction under § 1346(a)(1) claiming that the taxes were erroneously and illegally assessed and collected from her. *Id.* at 538. In affirming the District Court's dismissal for lack of subject matter jurisdiction, the Fifth Circuit determined that plaintiff was not the "taxpayer" with respect to the taxes in question; her husband, against whom

the taxes were assessed, was the taxpayer. *Id.* at 539. As a result, the Court concluded that plaintiff could not maintain an action under § 1346(a)(1) because the "wrongful levy" provision of § 7426 "is now the only means by which third parties may challenge the tax-collection activities of the IRS." *Id.* at 539. See also *Ehlers v. United States*, 1990 WL 132707, U.S.Dist. Lexis 10522; 90–2 U.S. Tax Cas. (CCH) P50,456 (D.C.N.J. August 13, 1990); *Interfirst Bank Dallas, N.A. v. United States*, 769 F.2d 299 (5th Cir.1985), *cert. denied*, 475 U.S. 1081, 106 S.Ct. 1458, 89 L.Ed.2d 716 (1986).

In the case at bar, the petitioners are, in essence, claiming a wrongful levy of their property. Instead of invoking this Court's jurisdiction under § 7426, they attempt to piggy-back their petition on the government's action for Application of Revenue Officer to Enter Premises to Effect Levy. It is clear to this Court, that when someone other than the taxpayer claims interest in property or rights to property which the United States has levied upon, his exclusive remedy against the United States is a wrongful levy action pursuant to 26 U.S.C. § 7426.

Because the petitioners have failed to properly invoke the Court's jurisdiction, by filing a complaint in wrongful levy and properly serving such in accordance with Rule 4(d)(4) of the Federal Rules of Civil Procedure, the Petition to Lift Levy shall be dismissed for lack of subject matter jurisdiction.

---

**1.** 26 U.S.C. § 7426(a)(1) in pertinent part reads: "... [A]ny person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States."

**2.** 28 U.S.C. § 1346(a)(1) provides:

(a) The District Courts shall have original jurisdiction, concurrent with the United States Claims Court, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been accepted or in any manner wrongfully collected under the internal-revenue laws.