**In re FREDERICK PETROLEUM CORPORATION, Debtor.**

**Larry E. STAATS, and SEOR, Inc., Plaintiffs,**

v.

**UNITED STATES of America, and Main Star Oil Company, Defendants.**

**Bankruptcy No. 2–85–00741. Adv. No. 2–90–0317.**

United States Bankruptcy Court, S.D. Ohio, E.D.

April 20, 1992.

D. Michael Crites, U.S. Atty., Jeffery Hopkins, Asst. U.S. Atty., Columbus, Ohio, and Jonathan P. Welch, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant U.S.

Robert Ellis, Ellis & Ellis, Marietta, Ohio, for defendant Main Star Oil Co.

James S. Huggins, Theisen, Brock, Frye, Erb & Leeper Co., L.P.A., Marietta, Ohio, for plaintiff SEOR, Inc.

## OPINION AND ORDER GRANTING MOTION OF THE UNITED STATES OF AMERICA TO DISMISS AND HOLDING IN ABEYANCE PLAINTIFFS' MOTION TO AMEND COMPLAINT

BARBARA J. SELLERS, Bankruptcy Judge.

### I. *Preliminary Considerations*

Before the Court are two motions. The first motion ("Motion to Dismiss") was filed July 11, 1991 by Defendant, the United States of America ("United States"),

seeking dismissal of the original claim asserted against it in this adversary proceeding. The Motion to Dismiss is opposed by Plaintiffs, Larry E. Staats ("Trustee") and SEOR, Inc. ("SEOR") (together, "Plaintiffs"). A hearing on the Motion to Dismiss was held on October 1, 1991, at which time counsel for the United States and SEOR appeared. At the conclusion of that hearing, the Court took the Motion to Dismiss under advisement.

Subsequent to the October 1, 1991 hearing, Plaintiffs filed a motion ("Motion to Amend Complaint") seeking an order of the Court permitting them to amend their complaint to add an additional theory of recovery. The Motion to Amend Complaint is opposed by the United States.

For the reasons which follow, the Court will grant the United States' Motion to Dismiss and will hold Plaintiffs' Motion to Amend Complaint in abeyance to await supplementation of Plaintiffs' arguments.

## II. *Facts*

The essential facts, as alleged in Plaintiffs' original complaint ("Complaint"), are as follows:

The debtor, Frederick Petroleum Corporation, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 15, 1985 ("Petition Date"). The debtor's bankruptcy case was subsequently converted to one under Chapter 7 of the Bankruptcy Code. The Trustee is the duly-appointed trustee in the debtor's Chapter 7 case.

Prior to the Petition Date, the debtor sold crude oil to Defendant, Main Star Oil Company ("Main Star"). On the Petition Date, Main Star owed the debtor approximately $75,000 on account. Complaint at 6.

Prior to the conversion of the debtor's case to Chapter 7, this Court (Judge Grady L. Pettigrew) ordered Main Star to turn over "all cash proceeds and any other property received from or on behalf of Frederick Petroleum Corporation" ("Turnover Order"). Plaintiffs assert that Main Star has failed to comply with the Turnover Order. Complaint at Para. 8.

On or about March 15, 1989, the United States, through its agency the Internal Revenue Service ("IRS"), seized and levied upon Main Star's checking account at The Central Trust Company of Southeastern Ohio, N.A., in Marietta, Ohio, obtaining approximately $350,000. Complaint at Para. 12 and 13. Plaintiffs aver that $75,000 of the money seized in such levy was property of the debtor's estate. Complaint at Para. 13.

## III. *Issues*

1. Whether the Court should dismiss Plaintiffs' original claim against the United States.

2. Whether the Court should grant Plaintiffs' request for permission to amend the Complaint to add an additional theory of recovery under 11 U.S.C. § 549.

## IV. *Legal Discussion*

### A. *The United States' Motion To Dismiss.*

■ The United States moves the Court pursuant to Fed.R.Civ.P. 12(b)(1) and (6), made applicable to this proceeding by Fed.R.Bankr.P. 7012(b), for dismissal of Plaintiffs' original claim under 26 U.S.C. § 6332(a) for lack of subject matter jurisdiction and for failure to state a claim for which relief can be granted. In its Motion to Dismiss, the United States contends that it has not waived its sovereign immunity to such claim. The United States asserts that the exclusive remedy available to Plaintiffs is provided in 26 U.S.C. § 7426,[1] a statute

---

1. Section 7426 of Title 26, United States Code, provides:

   If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.

upon which Plaintiffs do not rely.[2] The United States further argues that, unlike § 7426, the provisions of § 6332 neither provide relief to Plaintiffs nor constitute a waiver of the United States' sovereign immunity.

Relying upon the authority of a single decision, Plaintiffs contend that § 6332 does indeed afford them a legal remedy. Plaintiffs further dispute the United States' assertion that it is immune from suit under § 6332.

At the outset, the Court notes the well-established rule that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued, ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941) (citations omitted). "It is elementary that when consent to sue the United States is granted, the precise terms, conditions, and qualifications of such consent must be scrupulously followed." *Coleman v. United States Bureau of Indian Affairs,* 715 F.2d 1156, 1161 (7th Cir. 1983) (citing *Sherwood*).

Plaintiffs' claim against the United States is based upon 26 U.S.C. § 6332(a),[3] which provides:

> Except as otherwise provided in subsection (b),[4] any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made, shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

Plaintiffs assert that an interpretation of § 6332(a) consistent with the holding in *Se-*

*curities and Exchange Commission v. Paige,* 85–2 U.S.T.C. Para. 9588, 1985 WL 2335 (D.C.1985) compels denial of the United States' Motion to Dismiss. Because Plaintiffs' opposition to dismissal so heavily relies upon the *Paige* decision, the Court will briefly set forth its facts and holding.

In *Paige,* Mr. Paige engaged in an embezzlement scheme that resulted in his conversion of $5.9 million belonging to General Cinema Corporation ("GCC"). After an investigation into Paige's activities, the Securities and Exchange Commission ("SEC") instituted a civil action against Paige in the United States District Court for the District of Columbia. Early in that action, the district court entered an order requiring Paige to disgorge certain assets and place them in a court-ordered and court-supervised escrow account. The escrow assets had been purchased by Paige with the embezzled funds.

Later, the district court granted GCC's motion to intervene as a party plaintiff in the SEC's action against Paige. The district court also ordered the escrow assets transferred to GCC.

Before any of the escrow assets were transferred to GCC, however, the IRS levied upon the escrow account in an attempt to satisfy certain obligations owed by Paige to the IRS. The escrow agent then filed a request for instructions with the district court, asking whether he should obey the court's prior orders directing that the escrow assets be transferred to GCC or whether he should transfer the assets to the IRS pursuant to its notice of levy. The district court denied the escrow agent's request for instructions.

Presumably more than nine months after the IRS' notice of levy, GCC and the United States jointly moved the district court to determine proper ownership of the escrow assets. In addressing the United States'

---

**2.** It appears that this proceeding was commenced outside of the nine-month statute of limitations for actions against the United States under § 7426. *See* 26 U.S.C. § 6532(c).

**3.** Section 6332(a) was amended by P.L. 100–647 effective after June 30, 1989. The version of the statute set forth herein is the one in effect at the

time of the IRS' levy and seizure and the version upon which Plaintiffs rely. Plaintiffs' Memorandum Contra at 4.

**4.** Subsection (b) sets forth a special rule for life insurance and endowment contracts, which is not applicable to this case.

argument that the proceedings were barred by the nine-month statute of limitations provided in § 6532, the district court stated at pages 89,506–07:

> IRS next argues that the proceedings are barred by the statute of limitations provided in section 6532(c)(1) of the Internal Revenue Code. GCC [General Cinema Corporation], by this proceeding, is seeking enforcement of the Court's June 8, 1984 order that the escrow assets be transferred to GCC. At the time the Notice of Levy was served, the escrowed assets were in the constructive custody of the Court, having already been placed in an escrow account under the jurisdiction of this Court. The Court determines, therefore, that pursuant to Section 6332(a) of the Internal Revenue Code, because the escrowed assets were already in the constructive possession and actually under the jurisdiction of the Court, they were immune to levy. Therefore, the statute of limitations argument advanced by IRS must be rejected.

Focusing on this holding, Plaintiffs argue that § 6332 affords them a remedy from which the United States is not immune. The Court disagrees.

Although the Court has found no case directly on point, numerous decisions have held that when a person other than the taxpayer claims an interest or rights in property upon which the IRS has levied, that person's exclusive remedy under the Internal Revenue Code against the United States is a wrongful levy action under 26 U.S.C. § 7426.[5] The *Paige* decision, as legal precedent, is of limited utility because it simply does not consider that issue. Moreover, the Court believes that there are additional reasons why *Paige* is either wrong or inapplicable.

First, it is unclear whether the motion brought in *Paige* to determine ownership of the escrow assets was made pursuant to § 6332. This Court has found no other case where a third party claiming an interest in property (even by court order or other judicial process) was permitted a remedy against the United States under § 6332. Clearly, § 6332, on its face, is a defense for the "person in possession of (or obligated with respect to) property or rights to property" to a demand of the IRS for surrender of property upon which levy has been made. The United States Supreme Court appears to view § 6332 in such fashion.[6]

Second, even if the motion in *Paige* were somehow brought pursuant to § 6332, the decision plainly states that such motion was jointly brought by both GCC and the United States. As a movant, the United States' assertion of sovereign immunity in *Paige* is a little surprising, if not confusing.

Finally, to the extent the *Paige* decision purports to create a cause of action for third parties against the United States for wrongful levy, this Court believes it is

---

**5.** *See United Sand and Gravel Contractors, Inc. v. United States*, 624 F.2d 733, 739 (5th Cir.1980) ("When someone other than the taxpayer claims an interest in property or rights to property which the United States has levied upon, his exclusive remedy against the United States is a wrongful levy action under I.R.C. Section 7426."); *Texas Commerce Bank v. United States*, 896 F.2d 152, 156 (5th Cir.1990) ("Section 7426(a)(1) ... affords the exclusive remedy for an innocent third party whose property is confiscated by the IRS to satisfy another person's tax liability."); *Rosenblum v. United States*, 549 F.2d 1140, 1144–45 (8th Cir.), *cert. denied*, 434 U.S. 818, 98 S.Ct. 58, 54 L.Ed.2d 74 (1977) (Section 7426 is the only jurisdictional basis for claims that IRS wrongfully seized property). *See, also, Trust Company of Columbus*, 735 F.2d 447 (11th Cir.1984); *Morris v. United States*, 652 F.Supp. 120 (M.D.Fla.1986), *aff'd*, 813 F.2d 343 (11th Cir.1987); *Haywood v. United States*, 642 F.Supp. 188 (D.Kan.1986); *Matter of U.S. Industrial Fabricators Inc.*, 758 F.Supp. 1065 (W.D.Pa. 1991).

**6.** In *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 721–22, 105 S.Ct. 2919, 2924–25, 86 L.Ed.2d 565 (1985), the United States Supreme Court stated:

> The courts have uniformly held that a bank served with an IRS notice of levy 'has only two defenses for a failure to comply with the demand.' ... One defense is that the bank, in the words of § 6332(a), is neither 'in possession' nor 'obligated with respect to' property or rights to property belonging to the delinquent taxpayer. The other defense, again with reference to § 6332(a), is that the taxpayer's property is 'subject to a prior judicial attachment or execution.' (citations omitted).

wrong as a matter of policy. Section 7426 waives the sovereign immunity of the United States for such actions, but limits the relief that may be granted by the imposition of a nine-month statute of limitations. As stated by the Fifth Circuit Court of Appeals in *United Sand and Gravel:*

> The obvious reason for a short statute of limitations is to resolve doubts concerning the status of the taxpayer's account swiftly. If someone else successfully claims property already credited against the taxpayer's tax liability, the United States must look to other assets of the taxpayer to satisfy the taxpayer's liability. I.R.C. § 6532(c) protects the legitimate interest of the United States in requiring other claimants of the seized property to bring their claims quickly.

624 F.2d at 739.

In consideration of the United States' need to resolve quickly those disputes over taxpayers' property, the Fifth Circuit Court of Appeals and other courts have held that § 7426 is a third party's exclusive remedy against the United States for wrongful levy. Based upon the reasoning of those decisions, this Court believes that Plaintiffs are not entitled to a separate cause of action under § 6332.

**B.** *Plaintiffs' Motion To Amend Complaint.*

Pursuant to Fed.R.Civ.P. 15(a) and Fed.R.Bankr.P. 7015, Plaintiffs seek leave to file an amended complaint setting forth an additional theory of recovery against the United States based upon 11 U.S.C. § 549. The Motion to Amend Complaint was filed October 9, 1991, a few days after the Court's hearing on the United States' Motion to Dismiss.

The United States opposes the Motion to Amend Complaint asserting that the Court's granting of such motion will cause it prejudice. Specifically, the United States points out that the amendment was requested by Plaintiffs long after the court-ordered June 30, 1991 discovery cutoff date. The United States insists that if the Motion to Amend Complaint is granted, it will be denied an opportunity to conduct necessary discovery. Additionally, the United States argues that Plaintiffs' attempt to add an additional theory of recovery "is merely an attempt to avoid dismissal of their original claim, thereby negating the time and expense the United States incurred in relation to that motion." United States' Opposition at 3.

Plaintiffs reply that the Motion to Amend Complaint seeks to add only an additional *legal* theory of recovery, which theory is based upon no new or additional facts. Plaintiffs argue that their memorandum in opposition to the Motion to Dismiss put the United States on notice of their intent to amend the Complaint. Plaintiffs further note that the United States has conducted no discovery to date.

The arguments of the parties must be considered in light of Fed.R.Civ.P. 15(a), which provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

"Rule 15 is premised on the theory '[t]hat pleadings are not an end in themselves, but are only a means to proper presentation of a case; that at all times they are to assist, not deter, the disposition of litigation on the merits.'" *Yoder v. T.E.L. Leasing, Inc. (In re Suburban Motor Freight, Inc.),* 114 B.R. 943, 950 (Bankr.S.D.Ohio 1990) (citations omitted).

With regard to motions to amend a complaint under Rule 15(a), the United States Supreme Court has stated:

Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires;' this mandate is to be heeded (citation omitted). If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Since *Foman,* the developing case law of the Sixth Circuit has evidenced a "liberality in allowing amendments to a complaint." *Moore v. City of Paducah,* 790 F.2d 557, 562 (6th Cir.1986). The Sixth Circuit has stated that "delay alone is insufficient reason to deny a motion to amend." *Estes v. Kentucky Util. Co.,* 636 F.2d 1131, 1134 (6th Cir.1980). "Rather, the critical factors are notice and substantial prejudice." *Estes* at 1134, *citing, Hageman v. Signal L.P. Gas, Inc.,* 486 F.2d 479, 484 (6th Cir. 1973). "[T]here must be 'at least some significant showing of prejudice to the opponent' if the motion is to be denied." *Janikowski v. Bendix Corp.,* 823 F.2d 945, 951 (6th Cir.1987), *citing, Moore* at 562.

Perhaps most pertinent to this proceeding is the Sixth Circuit Court of Appeals' decision in *Tefft v. Seward,* 689 F.2d 637 (6th Cir.1982). In *Tefft,* the court held that it was an abuse of discretion for the district court to deny the plaintiff's request to amend his complaint to add an additional theory of recovery. The plaintiff's request was contained in his memorandum in opposition to the defendants' summary judgment motion, which summary judgment motion was granted by the district court. In so holding, the Sixth Circuit found that the facts as set forth in the plaintiff's original complaint supported the plaintiff's new theory of recovery. Additionally, the court found that the amended cause of action was not so different as to cause prejudice to the defendants.

■ As in *Tefft,* the facts of the Complaint support Plaintiffs' additional claim. Moreover, the United States has shown no significant prejudice resulting from the amendment. Under such circumstances, the Court would normally grant the Motion to Amend Complaint. However, the Court has an additional concern in this proceeding which prohibits it from now doing so.

Plaintiffs seek to amend their Complaint to add a claim against the United States under 11 U.S.C. § 549. Presumably, Plaintiffs' request for relief on their § 549 claim will include a request for the recovery of monetary damages. *See* 11 U.S.C. § 550.

Since the filing of the Motion to Amend Complaint, the United States Supreme Court has rendered its decision in *United States v. Nordic Village, Inc.,* — U.S. ——, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992). In *Nordic Village,* a majority of the Supreme Court held that 11 U.S.C. § 106(c) does not waive the United States' sovereign immunity to suits for money damages under §§ 549 and 550.

Absent some other waiver of sovereign immunity by the United States, the Court does not see how Plaintiffs can be granted relief under a § 549 claim. Where such an amendment would be futile under the law, denial of the Motion to Amend Complaint is proper. *Foman,* 371 U.S. at 182, 83 S.Ct. at 230; *Marx v. Centran Corp.,* 747 F.2d 1536, 1150 (6th Cir.1984).

### V. *Conclusion*

Based upon the foregoing, it is hereby

ORDERED, that the United States' Motion to Dismiss is GRANTED. Plaintiffs' claim against the United States pursuant to 26 U.S.C. § 6322(a) is dismissed; and it is further

ORDERED, that Plaintiffs' Motion to Amend Complaint shall be held in abeyance. Plaintiffs shall have twenty (20) days from the date of entry of this opinion and order to file any supplement to their Motion to Amend Complaint to argue why

such motion should not be denied in light of the Supreme Court's holding in *Nordic Village.* The United States shall within twenty (20) days after service of any such supplement file its pleading in response thereto.